1  SANDRA L. RIBERA SBN 236769
2  RIBERA LAW FIRM, APC
   sribera@riberalaw.com
3  807 Montgomery Street
4  San Francisco, CA 94133
   Telephone: (415) 576-1600
5  Facsimile: (415) 842-0321

6
7  J. KIRK BOYD SBN 122759
   RAM, OLSON, CEREGHINO & KOPCZYNSKI
8  kboyd@rocklawcal.com
   555 Montgomery Street, Suite 820
9  San Francisco, California 94111
10 Telephone: (415) 433-4949
   Facsimile: (415) 433-7311
11 Attorneys for Plaintiff,
12 WON LEE

13              UNITED STATES DISTRICT COURT
14              EASTERN DISTRICT OF CALIFORNIA

15

16 WON LEE, an individual,              Case No.

17              Plaintiff,              **COMPLAINT**

18        v.                            Violation of 42 U.S.C. §1983

19                                      Violation of Cal. Civ. Code §§ 51, 52
20 DEPUTY   DEL   CASTILLO,    an
   individual, AND DOES 1 through 10
21
22              Defendants             DEMAND FOR JURY TRIAL

23

24        Plaintiff WON LEE ("Plaintiff") brings this action against Defendant DEL

25 CASTILLO and Does 1 through 10 ("Defendants") and makes the following

26 allegations upon information and belief, except as to his own actions, the

27 investigation of his counsel, and the facts that are a matter of public record:

28
                              1
                          COMPLAINT

1

2    **PRELIMINARY STATEMENT**

3        1.    Plaintiff brings this case arising from the use of excessive force by

4    Defendant, an officer with the Sherriff's Department for the County of Yolo,

5    California.

6    **JURISDICTION AND VENUE**

7        2.    This Court has subject matter jurisdiction in this action under 28

8    U.S.C. Section 1343 and 28 U.S.C. 1331.

9        3.    This Court has personal jurisdiction over Defendant DEL CASTILLO

10   because Defendant is a resident within the State of California and within this

11   judicial district.

12       4.    Venue is proper under 28 U.S.C. Section 1391(b)(2) because a

13   substantial part of the events or omissions giving rise to Plaintiff's claims occurred

14   within this judicial district.

15       5.    This Court has ancillary jurisdiction over the state claims.

16   **PARTIES**

17       6.    At all times relevant to this matter, Plaintiff WON LEE resided and

18   continues to reside in San Mateo County, California.

19       7.    Defendant DEL CASTILLO, is a deputy with the Yolo County

20   Sheriff's Department whose badge number is 172.

21       8.    The true names and capacities, whether individual, corporate,

22   associate or otherwise, of each of the Defendants designated as a DOE are

23   unknown to Plaintiff at this time and therefore Plaintiff sues Defendants by such

24   fictitious names.  Plaintiff will ask leave of the Court to amend this Complaint to

25   show the true names and capacities of the DOE Defendants when that information

26   has been ascertained.  Plaintiff is informed and believes and thereon alleges that

27   each of the Defendants designated herein as a DOE is legally responsible in some

28

2

COMPLAINT

1  manner and liable for the events and happenings herein alleged and, in such
2  manner, proximately caused harm to Plaintiff as herein further alleged.
3
4                         **FACTUAL ALLEGATIONS**
5        9.    On March 4, 2011, Plaintiff WON LEE, was seized by security guards
6  for the Cache Creek casino. He was told that they had a video of him damaging a
7  slot machine. The truth was that he had never damaged a slot machine, and that the
8  security guards, working in close proximity and a tight nexus with Defendant DEL
9  CASTILLO in this case, were shaking him down to force the Plaintiff to make a
10 monetary payment.  Plaintiff, who speaks very limited English, immediately
11 requested the assistance of a Cache Creek interpreter that was available for Korean
12 speaking patrons.  The parties, including Defendant, failed to provide Plaintiff with
13 an interpreter at all times relevant herein.
14       10.   Despite Plaintiff's denials that he had done anything wrong, Plaintiff
15 was put into handcuffs and then placed in a cell by the security guards and in the
16 presence of Defendant. Plaintiff screamed in pain as his wrists were harshly twisted
17 behind his back in the handcuffing process resulting in physical injury to Plaintiff.
18       11.   Plaintiff was imprisoned for approximately 2 hours.  This act was
19 extremely distressing to Plaintiff as he fought in the Korean War where he was
20 taken prisoner. Being placed once again in a cell by Defendant and Cache Creek
21 security guards brought back horrific memories for Plaintiff causing his emotional
22 distress to manifest in physical symptoms while in the Cache Creek cell including
23 vomiting.
24       12.   Disregarding his illness and extreme emotional distress, Defendant
25 DEL CASTILLO told Mr. Lee that unless he made an immediate cash payment he
26 would take him to jail.
27       13.   Both Defendant and the others continued to make harassing and
28

COMPLAINT

1 | threatening statements to Mr. Lee throughout the duration of his imprisonment
2 | while he writhed in pain from the handcuffs and vomiting. Defendant and the
3 | Cache Creek employees also confiscated Plaintiff's personal belongings while he
4 | was imprisoned some of which were not returned.

5 |       14.   In the presence of Defendant, Plaintiff's wife was forced to pay a
6 | Cache Creek supervisor over $800 in cash for the release of her husband. Once this
7 | payment was made, the Defendant physically grabbed Mr. Lee, with others, and in
8 | a violent manner pushed him out of the casino. Mr. Lee again became physically ill
9 | while the Defendant and the other officers laughed at him, and one of them
10 | admitted to being racist.

11 |

12 |                        **FIRST CAUSE OF ACTION**

13 |                     **(Violation of 42 U.S.C. §1983)**

14 |
15 |       15.   Plaintiff hereby incorporates by reference paragraphs 1 through 14. As
16 | a direct and proximate result of Defendant's unlawful actions as alleged herein
17 | Defendant, acting under color of state law, violated the Plaintiff's constitutional
18 | rights protected by the United States Constitution, specifically Plaintiff's rights
19 | under the 4th and 14th amendments to the United States Constitution to be free
20 | from unlawful arrest and excessive force.

21 |       16.   Defendant's conduct, as alleged herein, was not privileged, or entitled
22 | to qualified immunity.

23 |       17.   Plaintiff was proximately and actually harmed as a result of
24 | Defendant's conduct, suffering physical injuries and general damages.

25 |                       **SECOND CAUSE OF ACTION**

26 |                  **(Violation of Cal. Civ. Code §§ 51, 52)**

27 |       18.   Plaintiff hereby incorporates by reference paragraphs 1 through 17.
28 | Defendant, acting under color of state law, violated the Plaintiff's constitutional

4

rights protected by the California Constitution, specifically the right to be free from illegal arrest, illegal seizure and excessive force as secured by the California Constitution, Article 1, §13; and the right to liberty as secured by Article 1 §1 of the California Constitution.

19.    California citizens have the right to be free of interference with legal rights as set forth in California Civil Code §§ 51, 52, et seq.

20.    Plaintiff contends that the Defendant's actions have violated California Civil Code §§ 51 and 52 et seq.

21.    Plaintiff was proximately and actually harmed as a result of Defendant's conduct, suffering physical injuries and general damages.

### THIRD CAUSE OF ACTION

#### (Intentional Infliction of Emotional Distress)

22.    Plaintiff hereby incorporates by reference paragraphs 1 through 21. Plaintiff claims that the Defendant intentionally inflicted emotional distress upon him in violation of the law of the State of California. Defendant's above described conduct was outrageous.

23.    Defendant intended to cause Plaintiff emotional distress and/or consciously disregarded Plaintiff's safety and/or the probability that Plaintiff would suffer emotional distress as a result of Defendant's extreme and outrageous conduct, knowing that Plaintiff was present when the conduct occurred.

24.    Plaintiff did suffer severe emotional distress, which manifested in physical symptoms including, but not limited to, vomiting.

25.    Defendant's extreme and outrageous conduct was a substantial factor in causing Plaintiff's severe emotional distress, which has required Plaintiff to seek ongoing medical treatment, incur wage loss, and sustain other damages as set forth herein and to which Plaintiff is further entitled under California law.

5

## FOURTH CAUSE OF ACTION
### (False Arrest)

26.     Plaintiff hereby incorporates by reference paragraphs 1 through 25. Plaintiff claims that the Defendant placed him in false imprisonment by working with others to further his improper detention for the improper motive of coercing money from Plaintiff in violation of the law of the State of California.

27.     As a direct and proximate result of the Defendant's improper seizure, detention, and false arrest of Plaintiff, he sustained injuries and damages as set forth above, and is further entitled to damages under California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, prays for judgment against Defendant(s) as follows:

A.     An order awarding general damages as determined by the jury in an amount exceeding $75,000;

B.     For special damages, including but not limited to medical expenses and other special damages, in a sum to be determined according to proof at trial.

C.     Punitive damages as determined by the jury;

D.     For reasonable attorneys' fees and the costs of this action;

E.     For statutory pre-judgment interest; and

F.     For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of his claims.

Dated:  December 20, 2011

By: _____
SANDRA L. RIBERA
Attorney for Plaintiff,
Won Lee

6

COMPLAINT